UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Michael Leon Hammell

   v.                                Civil No. 06-cv-176-SM

Warden, New Hampshire State Prison

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Michael Leon Hammell has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction and confinement (document no. 1). The petition is before me for preliminary review. See Rule 4 of the Rules Governing Section 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid and may be served); United States District Court for the District of New Hampshire Local Rules 4.3(d)(authorizing the magistrate judge to preliminarily review *pro se* pleadings).

For the reasons stated below, I recommend that the petition be served on the respondent as to Grounds Two, Three and Four. The remaining claim, Ground One, fails to state a claim upon which federal habeas relief may be granted, therefore, I recommend that it be dismissed.

**Standard of Review**

In reviewing a *pro se* petition, this court must construe the pleadings liberally, see <u>Ayala Serrano v. Gonzalez</u>, 909 F.2d 8, 15 (1st Cir. 1990)(following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See <u>Eveland v. Director of CIA</u>, 843 F.2d 46, 49 (1st Cir. 1988).

**Background**

Convicted on June 23, 2005 by the New Hampshire Superior Court (Grafton County) of one count of operating a motor vehicle after being certified a habitual offender, in violation of N.H. Rev. Stat. Ann. § 262:23, Hammell was sentenced to a term of imprisonment.  He is currently serving his sentence at the New Hampshire State Prison ("NHSP").  He claims to have filed a direct appeal with the New Hampshire Supreme Court.  In that appeal, he alleged that the trial court erred under New Hampshire state law by admitting evidence of his identity as contained in a

2

criminal history record and by admitting into evidence a New Hampshire Department of Safety, Division of Motor Vehicles ("DMV") photo of Hammell for identification purposes.  The record is unclear as to the disposition of the direct appeal.

On February 21, 2005, Hammell filed a petition for a writ of habeas corpus with the New Hampshire Supreme Court in which he raised various speedy trial claims not relevant to this action. On May 3, 2005, the court dismissed the petition without prejudice to Hammell seeking relief from the superior court in the first instance.  In compliance with the court's directive, Hammell filed a habeas corpus petition with the superior court which was dismissed on January 24, 2006

Subsequently, he filed an appeal with the New Hampshire Supreme Court.  In that appeal and addendum thereto, he raised the following claims relevant to this action: (1) the arresting police officer violated Hammell's Fourth Amendment rights by subjecting him to an unreasonable search and seizure, including the confiscation of a DMV photo identity card, and using the seized evidence to charge him with the offenses of false information and operating a motor vehicle after being certified a habitual offender; (2) trial counsel denied Hammell the Sixth

Amendment right to effective assistance of counsel by failing to investigate the search and seizure, failing to move to suppress the evidence seized and failing to raise the Fourth Amendment issues at trial; (3) the prosecution violated Hammell's Fourteenth Amendment rights by withholding exculpatory evidence; and (4) the arresting officer violated Hammell's Fifth Amendment rights by failing to give him <u>Miranda</u> warnings prior to conducting a custodial interrogation.  His appeal was declined on April 6, 2006.  Hammell now brings the instant petition for federal habeas corpus relief, alleging four grounds identical to those raised in his state court appeal.

**Discussion**

I.  <u>Custody and Exhaustion</u>

To be eligible for habeas relief, Hammell must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see also</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995).  Hammell satisfies the first requirement as he is currently incarcerated at the NHSP and thus is in custody.  For the reasons discussed

below, he satisfies the exhaustion requirement but only as to three claims.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must . . . [invoke] one complete round of the State's established appellate review process.").

Here, Hammell raises four grounds for habeas corpus relief. Ground one is noncognizable for purposes of federal habeas review. Grounds Two, Three and Four are similar to the claims raised in Hammell's appeal to the New Hampshire Supreme Court and therefore appear to be exhausted.

> A. Unreasonable Search and Seizure
>    (Ground One)

In Ground One, Hammell alleges that the arresting police officer subjected him to an unreasonable search and seizure, including the confiscation of his DMV photo identity card, in violation of his Fourth Amendment rights. He further alleges that the arresting officer charged him with offenses of false information and operating a motor vehicle after being certified a habitual offender based on evidence obtained through the warrantless search and seizure.

Habeas corpus relief is not available on a Fourth Amendment claim where the petitioner had a full and fair opportunity to raise the claim in state court. See Stone v. Powell, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or

seizure was introduced at his trial."); accord <u>Gandarilla v. Artuz</u>, 322 F.3d 182, 185 (2d Cir. 2003)("[T]he merits of a Fourth Amendment challenge are not reviewable in a federal habeas corpus proceeding if a defendant has had a full and fair opportunity to litigate that question in State court. . ."); <u>Cabrera v. Hinsley</u>, 324 F.3d 527, 530-31 (7th Cir. 2003) (same); <u>Graham v. Costello</u>, 299 F.3d 129, 131 (2d Cir. 2002)(same).

Here, the record reveals that Hammell had a full and fair opportunity to raise his Fourth Amendment claim in the state court proceedings.  The January 24, 2006 superior court order addressed his claims pertaining to the alleged unreasonable search and seizure, and the New Hampshire Supreme Court denied his subsequent appeal.  Thus, the state corrective process has been available to Hammell and has provided him with a full and fair opportunity to litigate his Fourth Amendment claims.  Because Hammell's Fourth Amendment claim is not reviewable in federal habeas corpus, I recommend that it be dismissed.

    B.   Ineffective Assistance of Counsel
        (Ground Two)

Ground Two alleges that Hammell was denied the Sixth Amendment right to effective assistance of counsel when his trial counsel failed to investigate the search and seizure, failed to

7

move to suppress the evidence seized that was used to charge Hammell and failed to raise the Fourth Amendment issue during trial. Ineffective assistance of trial counsel, as guaranteed by the Sixth Amendment, clearly is a constitutional ground for habeas relief. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984)(holding that the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel at trial). As evidenced by Hammell's state court appeal and addendum thereto, he has presented the federal nature of his claim to the New Hampshire Supreme Court for review and has cited to the Sixth Amendment in his state court pleadings. I therefore conclude that for purposes of preliminary review he has stated a Sixth Amendment claim premised on the ineffective assistance of trial counsel.

    C.   Prosecutorial Misconduct
        (Ground Three)

Construed liberally, Ground Three of the petition alleges that the prosecution withheld exculpatory evidence in violation of Hammell's Fourteenth Amendment rights. To the extent Hammell alleges that the evidence withheld was material and that a different result possibly would have occurred had the evidence been disclosed, I conclude that he has stated a cognizable

Fourteenth Amendment claim.  See Pennsylvania v. Ritchey, 480 U.S. 39, 57 (1987); accord Horton v. O'Dea, 194 F.3d 1312, (6th Cir. 1999)(unpublished).  As evidenced by Hammell's state court appeal and addendum thereto, he has presented the federal nature of his claim to the New Hampshire Supreme Court for review and has cited to the Fourteenth Amendment in his state court pleadings.  I therefore conclude that for purposes of preliminary review he has stated a Fourteenth Amendment claim premised on prosecutorial misconduct.

    D.   Miranda Violation
       (Ground Four)

Construed liberally, Ground Four of the petition alleges that the arresting police officer conducted a custodial interrogation without giving Hammell Miranda warnings, in violation of his Fifth Amendment right to remain silent and Miranda v. Arizona, 384 U.S. 436 (1966) (holding that police officers must inform a suspect of his Fifth Amendment privilege against self-incrimination prior to initiating a custodial interrogation).  As evidenced by Hammell's state court appeal and addendum thereto, he has presented the federal nature of his claim to the New Hampshire Supreme Court for review and has cited to the Fifth Amendment in his state court pleadings.  Without

commenting on the merits of the claim, I conclude that for purposes of preliminary review he has alleged sufficient facts to state a cognizable Fifth Amendment claim.

## Conclusion

For the reasons stated above, and by separate order issued simultaneously herewith, I recommend that the petition be served on the respondent as to Grounds Two, Three and Four.  Because the remaining claim, Grounds One, fails to state a constitutional claim upon which habeas corpus relief may be granted, I recommend that it be dismissed.

If this Report and Recommendation is approved, the claims as identified herein will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this Report and Recommendation, or he must properly move to amend the complaint.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of</u>

Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: May 26, 2006

cc:Michael Leon Hammell, *pro se*