UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Michael Leon Hammell

   v.                                          Civil No. 06-cv-176-SM

Warden, Lakes Region Facility

**O R D E R**

   Pro se petitioner Michael Leon Hammell has filed an amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction and confinement (document no. 11). The amended petition has been referred to me for review of Ground Five, a new ground alleging denial of Hammell's right to a speedy trial.[1] See Rule 4 of the Rules Governing Section 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid and may be served); United States District Court for the District of New Hampshire Local Rules 4.3(d)(authorizing the magistrate judge to preliminarily review pro se pleadings).

---

[1] On May 26, 2006, I recommended dismissal of Ground One and ordered the petition served on the respondent as to Grounds Two, Three and Four.

For the reasons stated below, I order Hammell to amend his petition to either (1) demonstrate exhaustion of Ground Five and request that the proceedings be stayed and the petition held in abeyance; or (2) withdraw the unexhausted claim and proceed on the three exhausted claims only.  He is advised that the withdrawal of Ground Five will likely prevent that claim from ever being raised in a federal habeas petition as a result of the prohibition against successive habeas petitions under 28 U.S.C. § 2254(b)(3).

## Standard of Review

In reviewing a pro se petition, this court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Background**

Following Hammell's arrest on July 6, 2002 for a habitual driving offense, his case was bound over to the New Hampshire Superior Court (Grafton County) for indictment. He was indicted on January 21, 2003 and subsequently filed a motion to dismiss in which he alleged, among other claims, denial of the right to a speedy trial and prompt prosecution. The superior court denied his motion in May 2003.

On February 10, 2004, Hammell allegedly was arrested in Florida on a warrant for the aforementioned offense and subsequently was extradited to New Hampshire. Following his arraignment in the New Hampshire Superior Court (Grafton County) on October 4, 2004, he filed a second motion to dismiss in which he alleged denial of due process and the right to a speedy trial and prompt prosecution. The superior court denied his motion on January 24, 2005. On June 23, 2005, Hammell was convicted by the superior court of one count of operating a motor vehicle after being certified a habitual offender, in violation of N.H. Rev. Stat. Ann. § 262:23. He is currently serving his sentence at the New Hampshire State Prison ("NHSP").

Hammell filed a direct appeal with the New Hampshire Supreme

Court ("NHSC"). Although he has not provided this Court with a copy of the appeal, he allegedly raised the following claims: the trial court erred under New Hampshire state law (1) by admitting evidence of his identity as contained in a criminal history record and (2) by admitting into evidence a New Hampshire Department of Safety, Division of Motor Vehicles ("DMV") photo of Hammell for identification purposes. Hammell asserts that he is not seeking federal habeas corpus relief based on the two claims raised in the direct appeal, which currently is pending before the NHSC.

On February 21, 2005, Hammell filed a habeas corpus petition with the NHSC in which he raised several speedy trial claims and cited to the Sixth and Fourteenth Amendments of the United States Constitution. On May 3, 2005, the NHSC dismissed the petition without prejudice to Hammell seeking relief from the superior court in the first instance. Hammell then filed a habeas corpus petition with the New Hampshire Superior Court (Merrimack County) which was dismissed on January 24, 2006.

He subsequently filed an appeal with the NHSC. In that appeal and supporting documents, he raised the following claims relevant to this action: (1) the arresting police officer

violated Hammell's Fourth Amendment rights by subjecting him to an unreasonable search and seizure, including the confiscation of a DMV photo identity card, and using the seized evidence to charge him with the offenses of false information and operating a motor vehicle after being certified a habitual offender; (2) trial counsel denied Hammell the Sixth Amendment right to effective assistance of counsel by failing to investigate the search and seizure, failing to move to suppress the evidence seized and failing to raise the Fourth Amendment issues at trial; (3) the prosecution violated Hammell's Fourteenth Amendment rights by withholding exculpatory evidence; and (4) the arresting officer violated Hammell's Fifth Amendment rights by failing to give him <u>Miranda</u> warnings prior to conducting a custodial interrogation.  His appeal was declined on April 6, 2006.

Hammell now brings this amended petition to add a fifth ground for relief in which he alleges denial of the right to a speedy trial.

**Discussion**

I.  <u>Custody and Exhaustion</u>

To be eligible for habeas relief, Hammell must show that he is in custody and has exhausted all state court remedies (or that

he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).  Hammell satisfies the first requirement as he is currently incarcerated at the NHSP and thus is in custody.  For the reasons discussed below, he has not satisfied the exhaustion requirement as to Ground Five.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (requiring petitioner to fairly present his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("Because the

exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must . . . [invoke] one complete round of the State's established appellate review process.").

    A.   Speedy Trial Violation
        (Ground Five)

Construed liberally, Ground Five alleges that Hammell was denied the right to a speedy trial and prompt prosecution in violation of the Sixth and Fourteenth Amendments.  See Florida v. Garrett, 454 U.S. 1004, 1007 (1981)(stating that the right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments).  In support of his claim, Hammell alleges that after his arrest on July 6, 2002 for a habitual driving offense, his case was bound over to the New Hampshire Superior Court (Grafton County) for indictment.  He allegedly was not indicted until January 21, 2003 and thereafter was advised that "his case was dismissed."  On February 10, 2004, he was arrested in Florida on a warrant for the aforementioned offense and thereafter was extradited to New Hampshire.  He was arraigned in the New Hampshire Superior Court (Grafton County) on October 4, 2004 and subsequently convicted on June 23, 2005.

Although Hammell raised a denial of speedy trial claim in an original petition filed with the NHSC and cited to federal authority, the NHSC declined to exercise jurisdiction and dismissed the petition without prejudice to Hammell seeking relief from the superior court in the first instance.  Hammell then filed a habeas corpus petition with the New Hampshire Superior Court (Merrimack County) which was dismissed on January 24, 2006.  There is no indication in the record that he subsequently presented this claim to the NHSC for review.  Accordingly, I conclude that Ground Five is unexhausted.  See Gillard v. Barksdale, 758 F.2d 652 (6th Cir. 1985)(federal habeas petition dismissed for lack of exhaustion where state supreme court lacked original jurisdiction to address merits of petition); Blair v. Thompson, 129 F.3d 124 (9th Cir. 1997)(prisoner did not fairly present his claims by filing a new habeas petition with the state's highest court on discretionary review); Sizemore v. Rubenstein, 2006 WL 709220 at *9 (S.D.W.Va. March 20, 2006)(summary dismissal of habeas petition invoking the original jurisdiction of state supreme court did not satisfy exhaustion requirement).

II.  Stay

The Supreme Court has held that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics.  See  Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court).  See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies).  Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack.  Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").  Accordingly, if Hammell elects to exhaust Ground Five, I will order the

proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.

## Conclusion

For the reasons stated above, I order Hammell to amend his petition to either (1) demonstrate exhaustion of Ground Five and request that the proceedings be stayed and the petition held in abeyance; or (2) withdraw the unexhausted claim and proceed on the three exhausted claims only.

In the event he chooses to exhaust in state court, he must commence the state court proceedings within thirty (30) days of the date of this order.  Upon his request, I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.  The stay will be issued under the following two conditions:

> 1.  Hammell is ordered to contact this Court every 90 days, beginning from the date of entry of this order, and inform the court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.
>
> 2.  Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claim at issue, and the exhaustion of such claim, Hammell must notify this Court of the ruling and submit all briefs or other pleadings filed in the state court proceedings; he must also file a request with this Court, stating that his

>     state court matter has been disposed of and that
>     he wishes to terminate the stay and have this
>     Court further consider his petition.

Failure to comply with either condition may result in dismissal of the petition without prejudice.

**SO ORDERED.**

                                            James R. Muirhead
                                        United States Magistrate Judge

Date: July 27, 2006

cc:   Michael Leon Hammell, pro se
       Stephen D. Fuller, Esquire