Hammell v. Warden, NHSP                   06-CV-176-SM   04/09/07
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Michael L. Hammell,
     Plaintiff

     v.                                   Civil No. 06-cv-176-SM
                                          Opinion No. 2007 DNH 047
New Hampshire State Prison,
Lakes Region Facility, Warden,
     Defendant


                           **O R D E R**


     This petition for habeas corpus relief appears to be moot. A jury convicted petitioner in the New Hampshire Superior Court of operating a motor vehicle after having been certified as an habitual offender, in violation of N.H. Rev. Stat. Ann. ch. 262:23.  He filed a direct appeal to the New Hampshire Supreme Court and, while that appeal was pending, also filed a petition for collateral relief in the Superior Court.  That petition was dismissed and an appeal declined, again, before the direct appeal was resolved.  While his direct appeal was still pending in the New Hampshire Supreme Court petitioner filed this federal habeas case.


     Petitioner's direct appeal of his conviction was just resolved.  State v. Hammell, ___ N.H. ___, No. 2005-528 (March 6,

2007). Petitioner's conviction and sentence were vacated and his case remanded to the Superior Court for possible retrial. Accordingly, he has obtained from the New Hampshire Supreme Court all the relief he could have obtained had he been successful in this federal case — i.e., vacation of his conviction and a new trial.

Petitioner sought relief in this court on grounds that: 1) he was subjected to a search and seizure in violation of his Fourth Amendment rights[1]; 2) his defense counsel provided ineffective representation which led to his conviction; 3) the state withheld material exculpatory evidence; 4) police officers obtained incriminating statements from him prior to advising him of his Miranda rights, in violation of the Fifth Amendment, and, 5) he was denied his right to a speedy trial.[2] The reversal of his conviction by the New Hampshire Supreme Court removes any possible prejudice, or continuing "case or controversy," because

---

[1] Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner cannot obtain federal habeas relief on grounds that evidence obtained through an unconstitutional search and seizure was introduced at his trial. Stone v. Powell, 428 U.S. 465 (1976). Accordingly, that claim was dismissed at the recommendation of the Magistrate Judge.

[2] The speedy trial claim was unexhausted and petitioner withdrew it by motion (document no. 18).

it provides petitioner with a full opportunity to obtain effective representation, gain access to any allegedly exculpatory evidence, and to seek to suppress any statements or derivative evidence obtained in violation of his Fifth Amendment rights, if the State proceeds with a retrial.  See Spencer v. Kenna, 523 U.S. 1, 7 (1998); Jackson v. Coalter, 337 F.3d 74, 79 (1st Cir. 2003).  He is now a pretrial detainee, awaiting a new trial that may or may not result in conviction, and one in which he will be afforded the opportunity to vindicate his federal constitutional rights.

## Conclusion

The petition is dismissed, without prejudice, as moot, in light of the New Hampshire Supreme Court's decision vacating petitioner's conviction and sentence, which is the subject of this federal habeas petition.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 9, 2007

cc:  Michael L. Hammell, pro se
     Stephen D. Fuller, Esq.
     John Vinson, NH DOC